**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ISMAEL GENAO, | No. 12-16985 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-00388-FRZ |
| v. | |
| CRAIG APKER and LOUIS W. WINN, Jr., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted October 15, 2013[**]

Before:      FISHER, GOULD, and BYBEE, Circuit Judges.

Ismael Genao appeals pro se from the district court's judgment dismissing

his 28 U.S.C. § 2241 habeas petition challenging two prison disciplinary actions

that resulted in the loss of good time credits.  We have jurisdiction under 28 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review the denial of a section 2241 petition de novo, *see Tablada v.*

*Thomas*, 533 F.3d 800, 805 (9th Cir. 2008), and we affirm.

Genao contends that defendants improperly created the offense of

"tampering with a security device," for which he was disciplined.  This contention

fails because at the time Genao committed the offense, this conduct was prohibited

under 28 C.F.R. § 541.13 (2010).  Moreover, the record indicates that Genao

received sufficient information about the factual basis for the charge "to enable

him to marshal the facts and prepare a defense."  *Wolff v. McDonnell*, 418 U.S.

539, 564 (1974).

Genao also challenges the prison disciplinary finding that he engaged in a

sexual act.  He contends that the hearing officer engaged in improper vouching and

was biased.  The record reflects that the hearing officer made reasonable credibility

determinations and does not support Genao's claim of bias.  Genao received all

process that was due.  *See id.* at 563-71.

   **AFFIRMED.**